UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

            v.

ADEMIR HERNANDEZ-ARCIGA,

            Defendant/Petitioner,

Case Nos. 3:07-cr-00403-HA-16
          3:13-cv-00064-HA

OPINION AND ORDER

_____

HAGGERTY, District Judge:

      Petitioner Ademir Hernandez-Arciga, acting *pro se*, advances a Motion to Vacate or

Correct Sentence [687] and a Supplemental Motion to Vacate or Correct Sentence [698] pursuant

to 28 U.S.C. § 2255.  Because "the motion and file and records of the case conclusively show

that [petitioner] is entitled to no relief" an evidentiary hearing was not held.  28 U.S.C. § 2255(b).

For the following reasons, petitioner's Motions to Vacate or Correct Sentence are denied.

1  - OPINION AND ORDER

## BACKGROUND

Petitioner was charged with eighteen other defendants for his participation in the Arevalo-Cuevas Drug Trafficking Organization. Petitioner was first charged in this matter by way of a Second Superseding Indictment entered on December 13, 2007. In the Fifth Superseding Indictment [390], entered on June 10, 2009, petitioner was charged in Count 1 with conspiracy to possess and distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 843(b) and 846 and in Count 2 with possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). On February 6, 2010, the government filed an Information to Establish Prior Conviction Pursuant to 21 U.S.C. § 851 [505] which increased the mandatory minimum on Count 1 to twenty years in the event of a conviction. In the Information, the government alleged that petitioner had been convicted of a felony drug offense in California in 1990.

Prior to the first trial setting, petitioner and seventeen of the other eighteen defendants moved to have the case designated as complex. The court made such a designation and found excludable delay was warranted pursuant to 18 U.S.C. § 3161. [125]. Petitioner filed or joined motions to continue the trial date four additional times. [398, 434, 453, and 484]. At no time did petitioner object to any trial continuances.

A five-day jury trial was held beginning March 15, 2010. At trial, the evidence established that defendant was involved in the distribution of methamphetamine and that the organization in which he was involved imported and distributed methamphetamine and cocaine. In large part, the government's case was built on judicially-authorized wiretaps. In recordings of defendant, he could be heard discussing the exchange of methamphetamine and firearms. During

2 - OPINION AND ORDER

the execution of a search warrant, law enforcement officers found a .40 caliber handgun in the safe in defendant's bedroom in addition to ammunition, drug records, and numerous cellular telephones. After he had been arrested and *Mirandized*, defendant acknowledged that he was one of the people speaking on the recorded phone calls, but denied any involvement in the distribution of narcotics. A trial witness testified that petitioner provided him with methamphetamine in exchange for a firearm.

The jury found petitioner guilty of both counts and sentencing was set for June 1, 2010. [576]. On May 4, 2010, the court received a letter from petitioner that could have been construed as a request for new counsel. [576]. The court provided defense counsel with a copy of the letter and trial counsel moved [585] to withdraw. New counsel was appointed [587] for purposes of sentencing on June 2, 2010.

In his sentencing memorandum and at the sentencing hearing, petitioner argued that his sentence on Count 1 should be ten years pursuant to 21 U.S.C. § 841(b)(1)(A) because his prior felony drug offense was not in fact a felony and because the conviction had not been proved to the jury beyond a reasonable doubt. At petitioner's request, the court held a hearing on the matter pursuant to 21 U.S.C. § 851(c) and concluded that the felony did not need to be proved to the jury and that his prior offense was a felony for purposes of sentencing. Accordingly, defendant was sentenced to 240 months imprisonment on Count 1 and to 60 months consecutively on Count 2. [621]. Both the 240 month sentence on Count 1 and the consecutive sentence of 60 months imprisonment on Count 2 were mandatory minimums. 21 U.S.C. §§ 841(a)(1)(A)(ii) and (viii), 851; 18 U.S.C. § 924(c)(1)(A).

Petitioner filed a timely notice of appeal. On appeal, petitioner argued, among other

things, that the prior felony conviction should have been presented to the jury. The Ninth Circuit rejected petitioner's arguments and affirmed the conviction and sentence. Petitioner now advances a petition to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner sought [713], and was provided, with some discovery concerning his claims. However, some of petitioner's requests for discovery, including his request to conduct depositions, were denied as he failed to set forth any factual allegations necessary to show that the remaining information requested would entitle him to relief. [720]. Petitioner filed a Motion to Reconsider [722] seeking additional discovery, however, as petitioner had still not met his burden, the Motion to Reconsider was denied. [730].

## ANALYSIS

Petitioner advances thirteen arguments in support of his request. In ground one, petitioner argues that there was insufficient evidence to support the jury's finding that the firearm found in petitioner's residence was possessed in relation to a drug offense. In ground two, petitioner argues that his speedy trial rights were violated and that both his trial counsel and appellate counsel were ineffective in not raising the issue. In grounds three, five, eight, eleven, twelve, and thirteen, petitioner challenges the sentencing enhancement under 21 U.S.C. § 851. Petitioner argues that his prior conviction did not qualify as a felony and that the California statute is overly broad, that his counsel at the time of the prior conviction was ineffective, that the court failed to conduct a colloquy under 21 U.S.C. § 851(b), that appellate counsel was ineffective, that he should have been provided with an opportunity to collaterally attack the prior conviction, and that his trial counsel was ineffective for failing to challenge the government's Information at the time it was filed. In ground four, petitioner argues that there was insufficient

4 - OPINION AND ORDER

evidence to support his conviction for conspiracy to possess and distribute controlled substances.

In ground six, petitioner argues that he was not provided with adequate translation services.  In

ground seven, petitioner argues that his post-arrest, pre-*Miranda* statements should have been

suppressed and that counsel was ineffective for failing to challenge the admissibility of the

statements.  In ground nine, petitioner argues that the court failed to adequately address the issues

outline in 18 U.S.C. § 3553(a).  In ground ten, petitioner argues that his trial counsel was

ineffective in failing to adequately prepare petitioner for his testimony and for failing to

adequately engage defendant in the preparation of his defense.

Because a number of petitioner's arguments incorporate allegations that his counsel were

ineffective, the court first sets forth the applicable standards for a claim of ineffective assistance

of counsel, and then addresses petitioner's arguments.  In light of the fact that petitioner is

proceeding *pro se*, the court construes his pleadings liberally.  *Rand v. Rowland*, 154 F.3d 952,

957 (9th Cir. 1998).

In order to prevail on a claim for ineffective assistance of counsel "the petitioner must

show (1) grossly deficient performance by his counsel, and (2) resultant prejudice."  *Womack v.*

*Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668,

687 (1984)).  "Under *Strickland*, counsel's competence is presumed and thus [petitioner] must

rebut this presumption by demonstrating that [defense counsel's] performance was unreasonable

under prevailing professional norms and was not the product of sound strategy."  *Lambright v.*

*Schriro*, 490 F.3d 1103, 1116 (9th Cir. 2007) (*per curiam*).  Judicial scrutiny of counsel's

performance is highly deferential; the Supreme Court has "declined to articulate specific

guidelines for appropriate attorney conduct and instead ha[s] emphasized that 'the proper

measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

To show prejudice, defendant must demonstrate "that the attorney's deficient performance prejudiced the defendant such that 'there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Doe v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007) (quoting *Strickland*, 466 U.S. at 688).

### 1.    Ground One - Evidence Regarding Count 2

Petitioner contends that there was insufficient evidence to support his conviction for possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Petitioner also argues that the court erred in instructing the jury regarding the requisite nexus between the firearm and the drug trafficking crime. Because the gun was found unloaded in a safe and because no drugs were found in his house, petitioner contends that there was insufficient evidence to support his conviction.

As a primary matter, where a defendant could have raised a claim of error on direct appeal but failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir.1993); *United States v. Durham*, 767 F.2d 1395, 1397 (9th Cir 1985). As petitioner has satisfied neither burden, it does not appear this claim is cognizable on collateral review. Nevertheless, the court has evaluated petitioner's arguments and finds them to be lacking.

Petitioner's arguments ignore the fact that he was recorded discussing the exchange of methamphetamine and firearms and that a trial witness testified that he gave petitioner the handgun in exchange for methamphetamine. This evidence provided more than enough support

6  - OPINION AND ORDER

for the jury's conclusion that petitioner had possessed a firearm in relation to a drug trafficking offense.

Moreover, petitioner's contention that the court failed to instruct the jury regarding the requisite nexus between the firearm and the drug trafficking crime is wholly baseless. The court explicitly instructed the jury that possession in furtherance of a drug offense "means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying offense" and that "[m]ere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime, because the firearm's presence may be coincidental or entirely unrelated to the underlying crime." Final Jury Instructions [564] at 19.

    2.    **Ground Two - Speedy Trial Rights**

Petitioner contends that his speedy trial rights were violated and that both his trial counsel and his sentencing/appellate counsel were ineffective for failing to raise the issue. Petitioner contends that the government used the delay prior to trial to "perfect" its case against him. His speedy trial argument, insofar as it involves a challenge to the court's rulings, rather than to his counsels' actions, appears to be procedurally defaulted as petitioner did not raise it on appeal. As a claim for ineffective assistance of counsel, it is more or less frivolous. As the record clearly reflects, petitioner waived his speedy trial rights and requested numerous continuances. At no time did the government request a continuance so as to "perfect" its case. As his counsels' declarations demonstrate, petitioner was consulted regarding each continuance and did not object. Gov't's Ex. 3, ¶ 28; Gov't's Ex. 4, ¶ 30. In light of these facts, his counsels' decisions not to raise speedy trial arguments can in no way be construed to be objectively unreasonable or prejudicial.

7 - OPINION AND ORDER

3.    **Grounds Three, Five, Eight, Eleven, Twelve, and Thirteen - Prior Felony**

**Conviction and Sentencing Enhancement Under 21 U.S.C. § 851**

Petitioner raises a number of arguments concerning the sentencing enhancement under 21

U.S.C. §851. He claims that his counsel were ineffective in attacking the sentencing

enhancement; that 21 U.S.C.§ 851(e), which precludes collateral attacks upon previous

convictions, if they occurred more than five years before the issuance of the notice, is

unconstitutional; and that the court erred in failing to conduct a post-conviction, pre-sentencing

colloquy with petitioner pursuant to 21 U.S.C. § 851(b);

Trial counsel investigated petitioner's 1990 state court felony conviction

for drug trafficking before trial began. Ex.3, ¶ 32. He concluded that it was a valid felony

conviction. Ex. 3, ¶ 32. His decision not to challenge the Information identifying the 1990

conviction cannot be construed as objectively unreasonable. *Hensley v.Crist,* 67 F.3d 181, 185

(9th Cir. 1995) ("[t]actical decisions that are not objectively unreasonable do not constitute

ineffective assistance of counsel"). Moreover, even if it was unreasonable for petitioner's trial

counsel to not raise an argument under 21 U.S.C. §851(c), his sentencing counsel raised the issue

at sentencing and on appeal. This court and the Ninth Circuit both rejected counsel's arguments.

Petitioner contends that his sentencing counsel should have raised an argument under *Carachuri-*

*Rosendo v. Holder,* 560 U.S. 563 (2010). However, both this court and the Ninth Circuit

considered the nature of petitioner's prior conviction and determined it was a valid conviction for

purposes of §851. Neither counsel's actions can be said to have been objectively unreasonable or

to have resulted in any prejudice to petitioner.

Petitioner contends that 21 U.S.C.§ 851(e), which precludes collateral attacks upon

8 - OPINION AND ORDER

previous convictions if they occurred more than five years before the issuance of the notice, is

unconstitutional. However, the Supreme Court, in an analogous situation determined that

limitations on the ability to collaterally attack older convictions are constitutional. In *Custis v.*

*United States,* the Supreme Court upheld limitations on collateral attacks for prior convictions

under the Armed Career Criminal Act, 18 U.S.C. 924(e), so long as the defendant was

represented by counsel at the time of the prior conviction. 511 U.S. 485, 496 (1994). As

petitioner was represented by counsel at the time of his 1990 conviction, § 851(e) is

constitutional as applied to him. Accordingly, petitioner cannot at this time proceed with is

argument that his counsel at the time of the 1990 conviction was ineffective.

Lastly, petitioner contends that the court should have conducted a post-conviction, pre-

sentencing colloquy with him pursuant to 21 U.S.C. § 851(b). Section 851(b) requires the court

to ask a defendant if he or she affirms or denies the prior predicate conviction for the sentencing

enhancement and to advise a defendant that any challenge not made to a prior conviction before

sentencing may not be made after sentencing. If a defendant denies the prior conviction in

response to the court's questions, or claims it is invalid, the court must conduct a hearing under

§851(c). In this case, the court did not conduct a colloquy with petitioner under § 851(b). The

reason being that prior to sentencing, sentencing/appellate counsel requested a hearing under

§851(c). Accordingly, there was no need to inquire whether petitioner challenged the prior

conviction. A §851(c) hearing was held at which petitioner challenged the 1990 felony drug

conviction unsuccessfully. Harm, if any, in skipping the §851(b) colloquy was cured by

conducting the §851(c) hearing.

### 4.    Ground Four - Evidence Regarding Count 1

Petitioner contends that there was insufficient evidence to support a conviction on Count 1 for conspiracy to possess and distribute controlled substances in violation of 21 U.S.C. §§ 841(a) (1), (b)(1)(A), 843(b) and 846.  First and foremost, petitioner's arguments with respect to this count are not cognizable on collateral review as he did not raise these arguments on appeal. Petitioner has not shown good cause for failing to raise these arguments on appeal or any resulting prejudice from failing to raise them.  *Johnson*, 988 F.2d at 945.  Moreover, there was more than sufficient evidence for the jury to conclude that petitioner was guilty of Count 1 including the testimony of trial witnesses regarding petitioner's involvement in the distribution of methamphetamine as well as the recordings of petitioner discussing the objects of the conspiracy. Insofar as petitioner is alleging that his appellate counsel was ineffective for failing to raise this issue on appeal, petitioners argument is rejected as counsel's performance was not objectively unreasonable or in any way prejudicial given the overwhelming evidence of guilt.

### 5.    Ground Six - Adequacy of Interpreter

Petitioner contends that his court-certified interpreter was inadequate and that errors in interpretation and translation contributed to his convictions.  This count also fails to assert a constitutional or jurisdictional error cognizable on collateral review.  *Johnson*, 988 F.2d at 945. Moreover, petitioner had a court-certified Spanish interpreter who assisted him in preparing for trial and during trial.  The interpreter testified on behalf of the defense concerning idiosyncracies in petitioner's dialect.  There is no evidence whatsoever that the interpreters performance was in any way deficient.

6.    **Ground Seven - Suppression of Statements**

Petitioner contends that his attorneys should have sought to suppress unspecified statements made after his arrest but prior to his receipt of *Miranda* warnings. As no such statements have been identified, and none were offered at trial, it is entirely unclear what petitioner hopes would have been accomplished by the filing of a motion to suppress. *Leavitt v. Arave*, 646 F.3d 605, 610 (9th Cir. 2011)(where a petitioner argues that his attorney should have filed a particular motion, the petition must "not only demonstrate a likelihood of prevailing on the motion, but also a reasonable probability that the granting of the motion would have resulted in a more favorable outcome"). Neither of petitioner's attorneys can be said to have acted in any way unreasonably for failing to file a motion to suppress.

7.    **Ground Nine - Sentencing Factors Under 18 U.S.C. § 3553(a)**

Petitioner contends that the court failed to consider sentencing factors under 18 U.S.C. § 3553(a). This claim is not only not cognizable on collateral review, but is also frivolous. The court considered the factors in § 3553(a) and adopted the Presentence Report. The court then imposed the mandatory minimum sentences required by law.

8.    **Ground Ten - Counsel's Preparation for Trial**

Petitioner contends that his trial counsel did not adequately prepare him for trial. As evidenced by counsel's affidavit, counsel worked with defendant for a substantial period of time to prepare him for trial. Exhibit 3, ¶ 30. This affidavit is corroborated by the trial testimony of petitioner's interpreter who testified to having worked with counsel and petitioner for one year to prepare for trial. Petitioner's arguments in relation to Ground Ten are wholly unsupported by the record and must be rejected.

11- OPINION AND ORDER

**CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253 a certificate of appealability may issue only if the applicant

has made a substantial showing of the denial of a constitutional right. Petitioner has not made

such a showing. Accordingly, petitioner will not be issued a certificate of appealability.

**CONCLUSION**

Based on the foregoing, petitioner's Motion to Vacate or Correct Sentence [687] and

Supplemental Motion to Vacate or Correct Sentence [698] are DENIED.

IT IS SO ORDERED.

DATED this _25_ day of July, 2014

Ancer L. Haggerty
United States District Judge

12- OPINION AND ORDER